UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14083-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSIE VASQUEZ-MARTINEZ,

    Defendant.
_____/



FILED by _____ D.C.

DEC 21 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBERS 1 THROUGH 4 AS SET FORTH IN THE
SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on December 14, 2017 with respect to the Superseding Petition for Offender under Supervision (the "Superseding Petition") [D.E. 118], and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on December 14, 2017 for a final hearing with respect to the Superseding Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about December 22, 2016, the defendant submitted a urine specimen, in the Middle District of Florida, which tested positive for the presence of amphetamine and methamphetamine; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about December 22, 2016, the defendant verbally admitted to using marijuana approximately two weeks prior. |

**Violation Number 3**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about March 9, 2017, the defendant submitted a urine specimen, in the Middle District of Florida, which tested positive for the presence of methamphetamine; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 4**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about March 18, 2017, the defendant submitted a urine specimen, in the Middle District of Florida, which tested positive for the presence of amphetamine and methamphetamine; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 5**  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 22, 2017, in Hardee County, Florida, the defendant committed the offense of Trafficking Methamphetamine, contrary to Florida Statute 893.135(1)(f)(1).

**Violation Number 6**  **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 22, 2017, in Hardee County, Florida, the defendant committed the offense of Possession of Drug Paraphernalia, contrary to Florida Statute 893.147(1).

**Violation Number 7**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about April 22, 2017, the defendant was in possession of methamphetamine as evidenced by his arrest on April 22, 2017, for Trafficking Methamphetamine.

**Violation Number 8**  **Violation of Mandatory Condition**, by associating with a person who is engaged in criminal activity. On or about April 22, 2017, the defendant associated with Charity Webb, who was engaged in criminal activity as evidenced by Hardee County Case Number, 2017-CF-000119.

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 1 through 4, as set forth in the Superseding Petition.[1] This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to Violation Numbers 1 through 4. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admissions to Violation Numbers 1 through 4 all that will remain as to those violations will be for the District Court to conduct a sentencing hearing for final disposition.

3. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

4. Counsel for the parties agreed that the Court could take judicial notice of the facts set forth in the Superseding Petition and Memorandum dated June 21, 2017 from United States Probation Officer Christina Williams. The Government also offered Government's Exhibits 1, 2, and 3 into evidence, which were admitted without objection. With respect to Violation Number 1, Government's Exhibit 1 includes a drug test report from Alere Toxicology Services, Inc. indicating that the sample Defendant submitted on December 22, 2016 tested positive for amphetamine and methamphetamine. As to Violation Number 3, Government's Exhibit 2 includes a drug test report from Alere Toxicology Services, Inc. indicating that the sample Defendant submitted on March 9, 2017 tested positive for methamphetamine. As to Violation Number 4, Government's Exhibit 3 includes a drug test report from Alere Toxicology Services, Inc. indicating that the sample Defendant submitted on March 18, 2017 tested positive for amphetamine and methamphetamine. Finally, as to Violation Number 2, the Government further

---

[1] The Defendant wished to proceed with a Final Hearing on Counts 5 through 8 for which this Court has entered a separate Report and Recommendation at Docket Entry 133.

proffered that on December 22, 2016 Defendant verbally admitted to his probation officer that he used marijuana two weeks prior. The Court has considered the Government's Exhibits and proffer, and finds that they set forth a sufficient basis to support Defendant's admissions to Violation Numbers 1 through 4.

**ACCORDINGLY**, based upon Defendant's admission to Violation Numbers 1 through 4 of the Superseding Petition under oath, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the K. Michael Moore, the Chief United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 21st day of December, 2017.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Diana Acosta
AFPD Fletcher Peacock
USPO Christina Williams
U.S. Marshal